### George J. L. Janes v. A. M. Bergevin et al.

1. PARTNERS—*Who Will be Held to be.*—Where two brothers are equally prominent in a business, in its name, and in its various transactions, they will be held to be partners as to third parties who trust them upon the faith of what they themselves profess to be.

2. SAME—*When a Person is Estopped from Denying that he is One.*—A man may so act as to make himself liable as a partner whether he be so in fact or not, and when he has so acted he estops himself from denying that he is a partner, as to others who rely upon his actions and give credit upon the faith that he is what he seems to be.

3. ESTOPPEL—*By the Acts of a party.*—One who has knowingly led another person reasonably and in good faith to rely upon the existence of a certain condition of things, is estopped from afterward denying, to the prejudice of such person, that such a condition of things did exist.

Assumpsit, on promissory notes. Trial in the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Verdict and judgment for plaintiff; error by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed July 11, 1899.

GARDNER & BURNS, attorneys for plaintiff in error.

WILLIAM E. O'NEILL, attorney for defendants in error.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This suit was brought by the defendants in error against one E. H. Janes and the plaintiff in error doing business as Janes Brothers & Company. E. H. Janes having died after

·suit was brought, his death was suggested, and the cause ordered to proceed against plaintiff in error, against whom judgment was rendered. The declaration, besides containing the common counts, counts specially upon four promissory notes as being made by the defendants by the name of Janes Brothers & Company, all payable to defendants in error, four months after their respective dates.

The notes were dated, respectively, May 13, 15 and 20, and June 2, 1893. They all read "We promise to pay," and the first three are signed "Janes Bros. & Co., by Geo. J. L. Janes, Pres.," while the fourth one is signed "Janes Bros. & Co."

Besides the plea of the general issue, the plaintiff in error interposed his verified pleas denying his joint liability with E. H. Janes, and denying that he made the notes or either of them.

The defense upon the merits is mainly two-fold, as is indicated by the verified pleas.

Under the name of Janes Bros. & Co., the business of wholesale grocers had been carried on by E. H. Janes either alone or in connection with the plaintiff in error as his partner for four years. The stationery used in such business bore the heading "Janes Bros. & Co., wholesale grocers." The fair inference from the evidence is that the defendants in error had been accustomed for some time previous to the transactions out of which the notes arose, to deal with the Janes concern and sell it goods upon credit. One of the defendants in error testified, and it is not contradicted, that the plaintiff in error was the purchaser of the goods, and "appeared to be head man;" also that he understood through commercial agencies, and a personal statement made presumably for credit purposes, that the business was a partnership composed of E. H. Janes and plaintiff in error. The plaintiff in error testified that he signed all the notes and that they were made for merchandise purchased; that he and E. H. Janes were brothers, he being the younger of the two; that they entered upon the business at the same time; that he was not a member

of Janes Bros. & Co.; that they had no other brother, and that nobody but E. H. Janes had any interest in the business or composed the "Brothers" or the "Company," following the name Janes; that E. H. Janes furnished all the money to go into the business and hired him at a weekly salary of fifty dollars; that E. H. Janes bought the wines and liquors and had a general superintendency of the business outside of the office; that he, plaintiff in error, bought the groceries and looked after the office part of the business; that he had never told anybody that he was or was not a member of Janes Bros. & Co.; that the goods were all bought in the purported firm name, the sign over the door was Janes Bros. & Co., and all the business was carried on in that name.

The trial court found, under the evidence, that a partnership existed between plaintiff in error and E. H. Janes as to the defendants in error and rendered judgment accordingly. The question of partnership or no partnership was one of fact, and as to it we are not able to say a wrong conclusion was reached.

From the time the business was started the two brothers were equally prominent in its management, equally prominent in its name, and equally prominent in its various transactions. They had no other brother; the name they dealt under carried with it the representation to all persons having transactions with them or either of them, of their identity of interest and responsibility, and their method of conducting the business was such as to emphasize the fact expressed in their business name. Persons so situated as these brothers were, will be held by the law to be partners as to third parties who trust them upon the faith of what they themselves profess. A man may so act as to make himself liable as a partner whether he be so in fact or not, and when he has so acted he estops himself from denying that he is a partner, as to others who rely upon his actions and give credit upon the faith that he is what he seems to be. It is a principle of law applicable to partnership and all other cases of agency, that one who has knowingly led another

reasonably and in good faith to rely upon the existence of a certain condition of things, shall be estopped from afterward denying, to the prejudice of such other, that such a condition of things did exist. The principle is applicable to the facts of this case.

These two brothers, on May 25, 1893, completed the formation of a corporation under the same name of Janes Bros. & Co., and the business was privately transferred to the corporation. The plaintiff in error was made president of the corporation though nominally holding but a trifling amount of the capital stock. All but two shares of $100 each were issued to E. H. Janes, and there was a third person who was a director and presumably a shareholder.

So far as the record shows, there was no visible change made in the business or its manner of conducting, after the corporation was formed. No notice came to the defendants in error and none to the world appears, except such constructive notice as might have been given by the records in the offices of the Secretary of State and the county recorder. The execution of judgment notes aggregating about $12,000 was authorized by the board of directors the day before the final certificate of the organization was issued, but it does not appear when, if ever, they were in fact executed. In about six weeks after the corporation was formed, and within two weeks from the time the notes here involved were delivered, the corporation made an assignment for the benefit of creditors.

It is claimed that because defendants in error filed their claim and received dividends amounting to thirty-two and a half per cent thereon from the assignee of the corporation, they are estopped from maintaining this action.

As before said, there was nothing visible to defendants in error or to the world at large, in the conduct of the business of Janes Bros. & Co. as a corporation, to distinguish it from what had previously been carried on by the partnership, and defendants in error knew nothing about the corporation. All they knew was that the concern had failed. Their claim was filed against Janes Bros. & Co., but not as a cor-

poration, and we do not think that because they made an innocent mistake in such regard and in accepting the dividends, they should be estopped from having judgment for the balance, against their real debtors, who were in substance the whole corporation.   The notes were delivered by mail, and the mere fact that there was appended to the signature of Janes Bros. & Co., upon the three earliest dated notes, the words, " by Geo. J. L. Janes, Pres.," was not of itself notice to the defendants in error of the creation or existence of the corporation, nor did defendants in error by retaining the notes accept the substitution of a new debtor for their former one.   There was nothing on the face of the notes except the single abbreviation " Pres." to indicate to anybody that they were the notes of a corporation.   Persons dealing innocently and in the usual course of former transactions, can not have their substantial rights altered to their prejudice by mere legerdemain.

The goods for which the notes were given were all purchased prior to the creation of the corporation, and so far as the defendants in error, at least, are concerned, there was the same holding out of the existence of the partnership after as before the act of incorporation, and the same principles before stated apply with equal force.   As to the two items of merchandise and cash on July 3, 1893, aggregating $170.28, included in the amount for which judgment was rendered, exactly the same rules apply.

Some point is made concerning the order of proof.   That was entirely discretionary with the court.   The plaintiff in error, as defendant below, was not entitled to have the judgment of the court upon the question of partnership or no partnership, in advance of a judgment upon the whole case.

The brief of defendants in error argues that the Circuit Court erroneously omitted to allow interest upon the notes, and states that the failure to do so is assigned as cross-error. We have made a close examination and fail to find any cross-error assigned, and therefore are not at liberty to consider the argument in that respect.

The judgment of the Circuit Court is affirmed.